## The Standard Brewery, Plaintiff in Error, v. Charles A. Johnston, Defendant in Error.

### Gen. No. 19,218.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by The Standard Brewery, a corporation, against Charles A. Johnston to recover $1,000 which plaintiff claimed to be entitled to as liquidated damages because of a breach of the following contract:

"This agreement, witnesseth, that in consideration of the sum of $600 in hand to him paid by the Standard Brewery, a corporation of Illinois, and the loaning to him by said Standard Brewery of a complete set of saloon fixtures, Charles A. Johnston, hereinafter designated as the vendee, hereby agrees to purchase from the Standard Brewery, a corporation of the State of Illinois, its successors and assigns, hereinafter called the vendor, and from no other person, firm or corporation, all the domestic beer sold by him or his agents or servants, at or about his saloon located at 3627 North Clark street, Chicago, Illinois, for cash on delivery at the rate of the usual market price of the Standard Brewery for beer, at the time of delivery, from the first day of November, 1907, to the 31st day of October, 1912, and that he will not sell or lease his said saloon to any person or persons who do not make an agreement similar to this with said vendor.

"In case said vendee, his heirs, successors or assigns shall fail or neglect to purchase all the domestic draft beer required by him or them, at said premises from the vendor, during the term above specified, or in case of any breach of this agreement on his part, then the said vendee or his heirs shall pay the said vendor $1,000. If said vendee, his heirs, successors or as-

signs have domestic beer of other manufacture than that of the vendor's upon said premises it shall be taken and deemed to be conclusive evidence of a violation of this covenant and entitle said vendor to damages as herein specified.

"It is further agreed that said brewery will furnish said Johnston for his use during above said term a city saloon license, which said Johnston will from term to term assign to above said brewery, and return it to said brewery at the end of said five years.

"And by its acceptance hereof said vendor hereby agrees to sell to said vendee or his assignee all of the domestic beer of the manufacture of said vendor required by him in his saloon upon said premises, upon the above terms and conditions.

"(Signed)                    CHARLES A. JOHNSTON (SEAL).
Accepted:
    THE STANDARD BREWERY
        (Signed) By August J. Dewes,
                        Vice-President."

It is not denied that defendant, after having for four years and a half faithfully performed all the covenants in the contract to be kept by him and when the contract had but six months more to run, violated the terms of the agreement by selling or renting his saloon to a person who did not enter into a contract with plaintiff of like import to the one sued on, and who did not buy all the domestic draft beer used in his business of plaintiff in error. On the trial plaintiff introduced the contract sued on, in evidence, and offered to prove facts from which the amount of the prospective profits of plaintiff in error for the six months during which defendant in error did not purchase from it all the domestic draft beer used in the saloon in question, if the contract had been performed, could be estimated. This proof was objected to by defendant and excluded by the court for the reason that plaintiff had limited itself in its affidavit of claim to recovery on the basis of liquidated damages. At the end of the case made by the plaintiff, the court instructed the jury to find the issues for the defendant. On the verdict returned in

The Standard Brewery v. Johnston, 191 Ill. App. 5.

pursuance to that instruction, judgment was entered against plaintiff in bar of its action for costs. To reverse the judgment, plaintiff prosecutes error.

Baker & Holder, for plaintiff in error.

Fred Plotke, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Damages, § 89*—*when sum named in contract shown to be intended as liquidated damages.* When a specific amount is named in a contract as damages to be paid in case of breach, it is a circumstance tending to show the intention to constitute that amount liquidated damages, provided the amount so named is based upon and substantially limited by just compensation.

2. Damages, § 89*—*when sum named in contract will be construed as a penalty.* Unless a sum named in a contract as damages for a breach thereof is based and substantially limited by just compensation, and particularly when the amount is so grossly disproportionate to the amount of damages that could result from the breach as to be oppressive and unconscionable and extortionate, courts will declare the intention of the parties to provide a penalty, even though the words "liquidated damages" are used in the contract.

3. Damages, § 89*—*when sum named in contract construed as penalty.* Where a saloon keeper and a brewing company entered into a contract whereby the former agreed for five years to purchase certain beer of the latter exclusively and not to sell or lease the saloon to any other who did not enter into a similar agreement, and the contract provided that in case of a breach thereof the saloon keeper was to pay the company $1,000, the stipulated sum was construed as having been intended as a penalty instead of liquidated damages for the reason that the contract was to run for a period of years and that therefore the damages which would result would depend on the time of the breach, and to exact the sum named in case of a breach shortly before the expiration of the contract would be oppressive and unconscionable and not in accord with the idea of just compensation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.